UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MODENA MEEKS | § § § § | Civil Action No.: 3:22-cv-82 |
| Plaintiff | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, ADMINISTRATOR OF THE ACCENTURE, LLP SHORT TERM DISABILITY PLAN (Plan No. SHD0985283) & CIGNA GROUP INSURANCE | § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Modena Meeks ("Plaintiff" or "Meeks") brings this action against Defendant Life Insurance Company of America, Administrator of the Accenture LLP Short Term Disability Plan (Plan No. SHD0985283) ("LINA") and Cigna Group Insurance ("Cigna") for violating the laws of the United States of America, and alleges the following:

### I.   INTRODUCTION

1. Plaintiff, Modena Meeks, through undersigned counsel, brings this action seeking monetary relief pursuant to § 502(a)(1) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§ 1001 to 1461, prejudgment and postjudgment interest, attorneys' fees, expenses and costs against Life Insurance Company of North America,

Administrator of the Accenture LLP Short Term Disability Plan (Plan No. SHD0985283) and Cigna Group Insurance.

2. Plaintiff demands a jury on all issues triable to a jury.

## II.   PARTIES, JURISDICTION, AND VENUE

3. Modena Meeks ("Meeks") is an adult citizen of the United States, residing in the State of Texas.

4. Upon information and belief, Defendant, Life Insurance Company of North America, Administrator of The Accenture LLP Short Term Disability Plan (Plan No. SHD0985283) (hereinafter referred to as "LINA") is a corporation headquartered in Pennsylvania but doing business in Texas as a licensed insurer by the Texas Department of Insurance and can be served by and through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

5. Upon information and belief, the Accenture LLP Short Term Disability Plan (Plan No. SHD0985283 and referred to as "STD Plan") was, at all relevant times, an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1003(a)(2).

6. Upon information and belief, the Cigna Group Insurance is an administrator and insurer of the STD Plan and is based out of Phoenix, Arizona but doing business in Texas as a licensed insurer by the Texas Department of Insurance and can be served by at its place of business located at PO BOX 29221, Phoenix, AZ 85038-9221.

7. The Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 and 29 U.S.C. §§ 1001 *et seq*. as this action being brought under § 502(a)(1) of the ERISA, 29 U.S.C. §§1132, 1133, & 1140 and as further defined by I.R.C. §62(e)(18).

8. Venue is proper in the Northern District of Texas, under 29 U.S.C. 1132(e)(2) since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Northern District of Texas.

### III. STANDARD OF REVIEW

9. The standard of review in this case is de novo. The Supreme Court held "[A] denial of benefits challenge under §1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Burch*, 489 U.S. 101, 115 (1989). In this case there is no evidence that the STD Plan claim's administrator has the power to construe uncertain plan terms or that benefit determinations be given deference.

10. Alternatively, little deference should be given to LINA/CIGNA's decision because, among other things, LINA/CIGNA failed to provide a full and fair review and has a financial conflict of interest.

11. Defendant funds and administers the plan with sole authority to grant or deny benefits. Defendant has an inherent conflict of interest.

12. Plaintiff contends that the Plan fails to give the Defendant said discretion or that the granting of said discretion is so vague as to be legally defective.

13. Because of the conflict of interest described above, Defendant's decision to deny disability benefits should be reviewed by this Court under a de novo standard of review.

14. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. All administrative remedies have been exhausted. On or about July 12, 2011, Defendant has formally acknowledged exhaustion of all administrative remedies and has confirmed its continued refusal to pay Plaintiff the short term disability benefits to which she is entitled.

16. Plaintiff provided LINA/CIGNA with her medical records and supporting documents to demonstrate she was qualified for STD benefits under the STD Plan. Nevertheless, LINA/CIGNA refused to review of consider those documents. Plaintiff incorporates all documents referenced above into this complaint by reference and maintains that LINA/CIGNA failed to conduct a full and fair review and abused their discretion.

17. Plaintiff has commenced this lawsuit within the four year statute of limitations applicable to a denial of benefits claim under ERISA.

## V. FACTS

18. At all times relevant to this case, Plaintiff was an employee of the Accenture, LLP (hereinafter "Accenture").

19. At all times relevant to this case, Plaintiff was a participant within the meaning of 29 U.S.C. § 1002(7), of the STD Plan.

20. The STD Plan was an employee benefit plan which provided short-term disability benefits for qualified employees of Accenture.

21. The STD Plan is subject to ERISA.

22. Disability benefits under the STD Plan are paid through a group insurance policy issued to Accenture by LINA/CIGNA.

23. Plaintiff, Modena Meeks (hereinafter "Meeks") worked at Accenture as a IT Security Engineering Lead for over 4 years at the time of her claim with outstanding performance and several pay increases.

24. Meeks has suffered with Major Depression/Anxiety, which had progressively become worse.

25. In particular, Plaintiff's Major Depression/Anxiety was diagnosed 20 years prior to her STD Plan claim and has progressively deteriorated over the years despite treatment.

26. Plaintiff was granted short term disability benefits between January 2019 and April 2019, but then denied those same benefits later in 2019 based on the same disability.

27. As a result of her Major Depression/Anxiety, Plaintiff was severely limited in her ability to sleep, limited her ability to complete tasks, had difficulty sleeping, excessive worry and panic and sadness according to LINA/CIGNA's own determination and denial letter.

28. Plaintiff's physician noted that she is unable to work due to her severe Major Depression/Anxiety.

29. Plaintiff timely appealed the denial her short term disability benefits, but LINA upheld the denial on April 6, 2020. Plaintiff again appealed the decision on September 28, 2020 despite medical evidence that contradicted their conclusions that Plaintiff was able to perform the material duties of her occupation.

30. Defendants never issued a final denial of Plaintiff's appeal.

## V. CLAIM FOR DENIED BENEFITS PURSUANT TO ERISA

31. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if full stated herein.

32. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

33. At all times relevant to this claim, Plaintiff was entitled to short term disability benefits under the STD Plan given that Plaintiff met the definition of disability contained in the STD Plan.

34. Defendant's denial of STD Plan benefits to Plaintiff constitutes a violation of the terms of the STD Plan and Plaintiff's rights under the same.

35. Plaintiff is entitled to have the Court conduct a de novo review of the issues stated herein.

36. In the alternative, LINA's decision to deny Plaintiff's benefits is arbitrary and capricious. LINA operates with a conflict of interest because it operates the STD Plan in its own interest and the STD Plan, in turn, relies on LINA's evaluation.

37. Plaintiff seeks to recover benefits denied under the STD Plan in addition to attorney's fees and costs, pre-judgment and post-judgment interest and all such other relief to which she may be entitled.

## VIII.

## PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding her:

   a. Declaration that STD Plan and LINA violated the terms of the STD Plan by denying Plaintiff disability benefits;

  b. An order that STD Plan and LINA pay disability benefits to Plaintiff pursuant to the terms of the STD Plan from the date of the original denial through either the last date to which she is contractually entitled or in the alternative the date on which she began receiving long term disability benefits, together with pre-judgment and post-judgment interest on each and every such monthly payment through the date judgment is entered herein;

  c. An award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA §502(g), 29 U.S.C. §1132(g); and

  d. Such other and further relief as the Court deems equitable and just.

DATED: January 13, 2022    RESPECTFULLY SUBMITTED,

              **THE BHATTI LAW FIRM, PLLC**

              /s/Vincent Bhatti
              Vincent J. Bhatti
              State Bar No. 24055169
              Ditty S. Bhatti
              State Bar No. 24062803
              5700 Tennyson Parkway
              Suite 300
              Plano, Texas 75024
              (214) 253-2533 (Telephone)
              (214) 279-0033 (Facsimile)
              vincent.bhatti@bhattilawfirm.com
              Ditty.bhatti@bhattilawfirm.com
              *Attorneys for Plaintiff s*