IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MODENA MEEKS, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:22-cv-00082-S | |
| § | | |
| LIFE INSURANCE COMPANY OF § | COMPLAINT FILED: January 13, 2022 | |
| NORTH AMERICA, ADMINISTRATOR § | | |
| OF THE ACCENTURE, LLP SHORT § | JUDGE: Karen Gwen Scholer | |
| TERM DISABILITY PLAN (PLAN NO. § | | |
| SHD0985283) AND CIGNA GROUP § | | |
| INSURANCE, § | | |
| § | | |
| Defendants. § | | |

## DEFENDANT LIFE INSURANCE COMPAY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Defendant Life Insurance Company of North America ("LINA" or "Defendant")[1] and files this, its Answer to Plaintiff's Original Complaint ("Complaint"). Defendant denies each and every allegation not specifically admitted herein. Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendant may have to seek relief by appropriate motions directed to the allegations of the Complaint. Pursuant to the requisites of the Federal Rules of Civil Procedure, Defendant responds to the numbered paragraphs in the Complaint as follows:

### I.   INTRODUCTION

1. The allegations of Paragraph 1 of the Complaint are merely statements of the law

---

[1] Cigna is simply a service mark used by LINA, and therefore "Cigna Group Insurance" is not a legal entity properly named as a separate defendant in this case. Nonetheless, to the extent it is determined that Cigna Group Insurance is a separate legal entity from LINA and a proper defendant in this case (which it is not), this Answer is submitted on its behalf.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT (3:22-cv-00082-S) - Page 1**

under which Plaintiff purports to bring her claims in this case, and thus no response is required by Defendant. To the extent a response is required, Defendant admits that Plaintiff's Complaint purports to bring a claim under the provisions of §502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), but denies that it committed any unlawful acts as alleged in Plaintiff's Complaint or otherwise or that Plaintiff is entitled to any relief as alleged in her Complaint or otherwise.

2. The allegations of Paragraph 2 of the Complaint are merely statements of the law under which Plaintiff purports to demand a jury trial, and thus no response is required by Defendant. To the extent a response is required, Defendant states that Plaintiff is not entitled to a jury trial on any claims under ERISA.

## II.     PARTIES, JURISDICTION, AND VENUE

3. Defendant is without sufficient information to admit or deny the allegations of Paragraph 3 of the Complaint, with relate to Plaintiff's citizenship and residency, and therefore denies the same.

4. Defendant admits that, at certain points in time, LINA provided administrative services related to the short-term disability wage replacement policy of Accenture LLP, and that LINA assigned that policy a "Plan No." of SHD0985283 for internal reference purposes. The remaining allegations of Paragraph 4 are a legal conclusion as to how this Court has personal jurisdiction over LINA and how it can be served with process and requires no response from Defendant. To the extent a response is required, Defendant states that it does not contest personal jurisdiction or service of process on LINA in this matter.

5. The allegations of Paragraph 5 of the Complaint are a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant denies the

allegations in Paragraph 5 of the Complaint.

6.      Defendant denies that "Cigna Group Insurance" is a plan administrator or insurer of the short-term disability wage replacement policy of Accenture LLP. The remaining allegations in Paragraph 6 of the Complaint are a legal conclusion as to how this Court has personal jurisdiction over "Cigna Group Insurance" and how it can be served with process and requires no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      The allegations of Paragraph 7 of the Complaint are statements of Plaintiff's belief that jurisdiction in this Court is proper in this matter, which is a legal conclusion that requires no response from Defendant. To the extent a response is required, Defendant states that it does not contest the Court's jurisdiction over this matter, but denies that ERISA applies to the short-term disability wage replacement policy of Accenture LLP and further denies that it committed any unlawful acts as alleged in Plaintiff's Complaint or otherwise, whether in this Court's jurisdiction or elsewhere.

8.      The allegations of Paragraph 8 of the Complaint are statements of Plaintiff's belief that venue in this Court is proper in this matter, which is a legal conclusion that requires no response from Defendant. To the extent a response is required, Defendant states that it does not contest venue in this matter, but denies that it committed any unlawful acts as alleged in Plaintiff's Complaint or otherwise, whether in this venue or elsewhere.

### III.     STANDARD OF REVIEW

9.      The allegations of Paragraph 9 of the Complaint are merely statements of the law outlining the standard of review Plaintiff purports to apply to this case, and thus is a legal conclusion that requires no response from Defendant. To the extent a response is required,

Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 of the Complaint that the Plan fails to give adequate discretion and is legally defective are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12 of the Complaint.

13. The allegations of Paragraph 13 of the Complaint are merely statements of the law outlining the standard of review Plaintiff purports to apply to this case, and thus is a legal conclusion that requires no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. The allegation in Paragraph 14 of the Complaint that Defendant has fiduciary obligations as regards the administration of the short-term disability wage replacement policy of Accenture LLP is a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant admits that Plaintiff's right to short-term disability ("STD") benefits under the terms of the short-term disability wage replacement policy of Accenture LLP is governed by the policy. Defendant denies any and all remaining allegations in Paragraph 14 of the Complaint.

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. The allegation in Paragraph 15 of the Complaint that Plaintiff has exhausted administrative remedies is a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff provided LINA with certain medical records in connection with a claim for benefits under the short-term disability wage replacement policy of Accenture LLP. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17. The allegation in Paragraph 17 of the Complaint that Plaintiff has satisfied the statute of limitations applicable to claims for denial of benefits under ERISA is a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant denies that ERISA applies to the short-term disability wage replacement policy of Accenture LLP, and therefore denies the allegations in Paragraph 17 of the Complaint.

## V.   FACTS

18. Defendant admits that at certain times Plaintiff was employed by Accenture LLP. Defendant denies any remaining allegations in Paragraph 18 of the Complaint.

19. The allegation in Paragraph 19 of the Complaint that Plaintiff met the legal definition of participant as set out in 29 U.S.C. § 1002(7) is a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. The allegation in Paragraph 21 of the Complaint that the Plan at issue in this lawsuit was subject to the legal requirements of ERISA is a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff worked at Accenture LLP as a Scarcity Engineer Lead. Defendant further admits that she began work at Accenture on or about June 7, 2017, and

that she made a claim for STD benefits under the short-term disability wage replacement policy of Accenture LLP that was denied on or around October 28, 2019. Defendant further admits that, from time to time, Plaintiff's pay rate during the time she worked at Accenture LLP increased. The remaining allegations contain statements of opinion regarding the quality of Plaintiff's work performance to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff filed claims for STD benefits on the basis of purported major depressive disorder and anxiety. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 24 of the Complaint and therefore denies those allegations.

25. Defendant is without sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies those allegations.

26. Defendant admits that Plaintiff submitted a claim for STD benefits under the short-term disability wage replacement policy of Accenture LLP in January of 2019 on the basis of purported major depressive disorder and anxiety, and that the claim was approved from January 22, 2019, to April 19, 2019. Defendant further admits that Plaintiff submitted a second claim for STD benefits under the short-term disability wage replacement policy of Accenture LLP in October of 2019 on the basis of purported major depressive disorder and anxiety that was denied. Defendant denies any and all remaining allegations in Paragraph 26 of the Complaint.

27. Defendant admits that certain observations from Plaintiff's medical records were recited in a December 16, 2019 letter sent to Plaintiff to inform her that her claim for STD benefits under the short-term disability wage replacement policy of Accenture LLP had been denied. Defendant denies the remaining allegations in Paragraph 27.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT (3:22-cv-00082-S) - Page 6**

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff timely appealed the denial of her October, 2019 claim for STD benefits under the short-term disability wage replacement policy of Accenture LLP. Defendant further admits that LINA sent Plaintiff a letter affirming the decision to deny this claim on or about April 7, 2020. Defendant further admits that Plaintiff thereafter retained legal counsel who sent a demand letter regarding this matter on or about September 28, 2020. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

### VI.   CLAIM FOR DENIED BENEFITS PURSUANT TO ERISA

31. Defendant incorporates by reference its responses to paragraphs 1 through 30.

32. The allegation in Paragraph 32 of the Complaint that ERISA permits suits by plan participants to recover benefits is a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant admits that ERISA provides a cause of action to ERISA plan participants to recover benefits due under the terms of an ERISA-governed plan, but denies that ERISA applies to the short-term disability wage replacement policy of Accenture LLP and denies the remaining allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. The allegation in Paragraph 35 of the Complaint that Plaintiff is entitled to a de novo standard of review in this suit is a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint contains a recitation of the relief sought by Plaintiff instead of factual assertion, and no response from Defendant is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief, as set out in Paragraph 37 of the Complaint or otherwise.

## VII.   PRAYER FOR RELIEF

38.     Paragraph 38 of the Complaint is a request for relief and requires no response from Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to any remedy or relief in this action, including those identified in the request for relief. Defendant denies any and all remaining allegations contained in Paragraph 38 of the Complaint.

## VIII.   GENERAL DENIAL

Defendant hereby denies each and every allegation in the Complaint not specifically admitted herein.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations asserted in the Complaint, Defendant asserts the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendant bears any burden of proof on any issue that it would not otherwise bear such burden. Defendant further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1.

The allegations in Plaintiff Complaint fail to state a claim upon which relief can be granted.

2.

Defendant is not a proper party as to the cause of action as alleged in Plaintiff's Complaint.

3.

The cause of action as alleged in Plaintiff's Complaint fails, in whole or in part, based on Plaintiff's failure to join one or more indispensable party.

4.

Some or all of the purported claims in the Complaint are barred by the applicable statute of limitations and/or the common law doctrine of laches.

5.

Some or all of the purported claims in the Complaint are barred by the doctrines of estoppel and/or waiver.

6.

Some or all of the purported claims in the Complaint are barred by the doctrine of unclean hands and/or failure to fulfill conditions precedent under the terms of the applicable benefit policy because of Plaintiff's failure to submit all relevant documents in support of her claim and/or failure to comply with the policy requirements.

7.

Some or all of the purported claims in the Complaint are barred because Plaintiff failed to exhaust her administrative remedies under the policy, including the failure to inform the claims administrator of all facts and arguments pertaining to the denial of benefits.

8.

Some or all of the purported claims in the Complaint are not ripe for adjudication because the claims administrator of the applicable policy has not yet had the opportunity to make an initial determination regarding Plaintiff's entitlement and eligibility for the benefits claimed.

9.

Some or all of the purported claims in the Complaint are barred because Defendant has performed its duties in good faith and, in so doing, has acted in accordance with the applicable policy.

10.

Some or all of the purported claims in the Complaint are barred because the claims administrator of the policy has the exclusive right to interpret, construe, and implement the provisions of the policy and to resolve all questions concerning eligibility for benefits and the claims administrator acted in accordance with the policy and did not abuse its discretion.

11.

A claimant's entitlement to future benefits under the terms of the policy is subject to an ongoing requirement for continued proof of disability throughout the period of disability. Accordingly, Plaintiff cannot obtain a determination from this Court that Plaintiff is entitled to indefinite future benefits. Plaintiff must continue to satisfy the terms of the applicable policy.

12.

Plaintiff's damages, if any, were not caused by Defendant; rather they were caused by Plaintiff or third parties.

13.

Some or all of the purported claims in the Complaint are subject to offset, setoff, and/or recoupment, including, but not limited to, offset for other similar benefits available to Plaintiff, offset pursuant to the terms of the applicable policy, offset for benefits which Plaintiff has been awarded by the applicable policy, offset for overpayments to Plaintiff, and offset for monies recovered by Plaintiff from third parties.

14.

Defendant will rely on all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such defenses.

## IX.    CONCLUSION

WHEREFORE, Defendant respectfully requests judgment against Plaintiff with respect to her claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendant, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated: March 14, 2022                                    Respectfully submitted,

*/s/ Kathryn B. Blakey*
Kathryn B. Blakey
Texas State Bar No. 24111394
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201-2931
214.880.8100
214.880.0181 (Facsimile)
kblakey@littler.com

Attorney for Defendant
LIFE INSURANCE COMPANY OF NORTH AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas and electronically served same, using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. The CM/ECF system sent a Notice of Electronic Filing to the following counsel of record, who has consented in writing to accept service of this document by electronic means:

Vincent J. Bhatti
Ditty S. Bhatti
THE BHATTI LAW FIRM, PLLC
5700 Tennyson Parkway
Suite 300
Plano, Texas 75024

vincent.bhatti@bhattilawfirm.com
ditty.bhatti@bhattilawfirm.com

*/s/ Kathryn B. Blakey*
Kathryn B. Blakey
Attorney for Defendant
LIFE INSURANCE COMPANY OF NORTH AMERICA